UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>    **Plaintiff,**<br><br>V.<br><br>**KEVIN LABONA,**<br>    **Defendant.** | **CRIMINAL NO. 5:14-CR-114-KKC**<br><br><br>**MEMORANDUM OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Defendant Kevin Labona's motion to exclude evidence of certain alleged acts of child molestation and other acts of the Defendant that the United States seeks to offer. (DE 33, 40). For the reasons stated below, the Court will deny Labona's Motion to Exclude Testimony (DE 40).

**I. Background**

The Defendant is charged with Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2), based on alleged possession and distribution of electronic files containing sexually explicit images involving minors. (DE 1).

The United States submitted a Notice of Intent to Offer Testimony Pursuant to Federal Rules of Evidence 414 and 404(b) (hereafter United States' Notice to Offer Testimony), announcing its intention to offer three main pieces of evidence against Labona. (DE 33).

First, the United States wishes to show that Labona asked the mother of Minor A to destroy his cell phone upon his arrest and again from jail. (DE 33 at 2.) Minor A's parents followed Labona's requests and destroyed the cell phone. (DE 33 at 2.) Labona concedes

that he did ask Minor A's parents to destroy the cell phone. (DE 40 Mot. to Exclude at 4.) The United States seeks to offer this testimony under Federal Rule of Evidence 404(b). (DE 33 at 2.)

Second, the government intends to offer the testimony of Minors A, B, C, and D under Federal Rule of Evidence 414 as evidence of other child molestation. The United States anticipates the testimony of Minors A–D to cover events that occurred between the latter part of 2013 and the Defendant's arrest on November 3, 2014. (DE 45 U.S.' Resp. at 2.) For some time during this period, Labona resided with Minor A, her parents, and three siblings at their home in Ohio (DE 33 at 1-2.) It appears that all of the alleged events are said to have taken place at that residence. Minors A, B, C, and D are expected to testify about various acts of child molestation by Labona, which purportedly included physical contact with some of the minors and Labona showing the minors images of child pornography on his cell phone. (DE 33 at 2-5.) The expected testimony is described in detail in the United States' Notice to Offer Testimony (DE 33 at 2-5.)

Third, in 1986, Labona was convicted of Indecent Liberties with a Child in Kansas state court for acts involving his daughter. (DE 33 at 6.) The United States seeks to admit this conviction under Federal Rule of Evidence 414 as an additional instance of prior child molestation.

## II. Analysis

### *A. Requests to Destroy Cell Phone*

Labona concedes that he asked Minor A's parents to destroy his cell phone. (DE 40 Mot. to Exclude at 4.) Labona does not specifically object to the admission of this evidence in his Motion to Exclude. Therefore, evidence showing Labona requested that Minor A's mother destroy his cell phone is admissible.

2

### B. Testimony of Minors A, B, C, and D

The testimony of Minors A, B, C, and D is admissible under Federal Rule of Evidence 414 as evidence of other child molestation. The prejudicial effect of the minors' testimony does not substantially outweigh its probative value, so the testimony should not be excluded under Rule 403.

Federal Rule of Evidence 414(a) provides:

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

Fed. R. Evid. 414(a). Rule 414 "supersedes Rule 404(b)'s restriction by establishing a presumption – but not a 'blank check' – favoring the admission of propensity evidence at both civil and criminal trials involving charges of sexual misconduct." *United States v. Sioux*, 362 F.3d 1241 (9th Cir. 2004). Under Rule 414(a), "the key to admissibility is relevance." *United States v. Norris*, 428 F.3d 907, 913 (9th Cir. 2005).

However, evidence that is otherwise admissible under Rule 414 is nevertheless subject to the Rule 403 balancing test. *United States v. Seymour,* 468 F.3d 378, 385-86 (6th Cir. 2006) (citing *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001)). "A Court considering the admissibility of Rule 414 evidence must first determine whether the evidence has probative value, recognizing 'the strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible.'" *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001) (quoting *United States v. LeCompte*, 131 F.3d 767, 769 (8th Cir. 1997)). "The court must next balance that probative value against the risk of unfair prejudice." *Id.* The Ninth Circuit has articulated a set of guiding factors to consider when balancing Rule 414 evidence: (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening

3

circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial. *LeMay*, 260 F.3d at 1027-28.

As a threshold matter, the charges against Labona fall within the meaning of "child molestation" under Rule 414. Distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2) is a crime contained within 18 U.S.C. chapter 110, so it is considered "child molestation" under Rule 414(d)(2)(B). Labona's alleged acts involving Minors A–D would also be considered "child molestation." It is therefore clear that Rule 414, not Rule 404(b), governs the admissibility of the minors' testimony in this case.

Under Rule 414, the minors' testimony accusing Labona of molestation is relevant – and therefore admissible – simply because it tends to make the charge that Labona possessed and distributed child pornography more probable. *See United States v. Deuman*, 568 F. App'x 414, 420 (6th Cir. 2014) ("The standard for relevancy is extremely liberal: evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence.") (citation omitted).

The Court is also obliged to consider whether Rule 403 excludes the testimony. *Seymour*, 468 F.3d at 385-86. The central theme of Labona's Motion to Exclude is the testimony of Minors A–D would be unfairly prejudicial. (DE 40 Mot. to Exclude at 2-6.) In this situation, the minors' testimony is probative because it suggests that Labona had a sexual interest in the charged images and was therefore more likely to knowingly possess and distribute them. Since propensity evidence is admissible under Rule 414, the minors' testimony is not *unfairly* prejudicial merely because it is propensity evidence. *Gabe*, 237 F.3d at 960. Considering the relevant factors in turn below, the Court finds that the probative value of the testimony is not substantially outweighed by its prejudicial effect. Therefore, the minors' testimony is not excluded under Rule 403.

4

First, the Court finds the fact that Labona is not currently charged with a crime involving direct physical contact with a minor to be the single biggest factor weighing in favor of exclusion under Rule 403. (DE 1). There is a risk that the jury may give improper weight to the testimony given the physical contact described by the minors even though the charged offense is not premised on physical contact with a minor.

While the charged conduct does not involve physical contact, the acts involving Minors A–D are sufficiently similar in other respects. The Defendant is alleged to have shown images containing child pornography to Minors A–D and he is currently charged with distributing such images. (DE 33 at 2-4.) Minors A–D are between seven and eleven years old. (DE 33 at 8.) The minors depicted in the images for which the Defendant is currently charged fall within the same approximate age range. (DE 33 at 8). Furthermore, Congress included within the definition of "child molestation" in Rule 414(d)(2) crimes involving physical contact as well as crimes that do not require physical contact, suggesting that it intended to permit testimony about contact-based molestation in a non-contact child pornography case. In addition, the Court is confident that a limiting instruction would ensure that the jury does not inappropriately consider the minors' testimony.

The United States believes that the testimony of Minors A–D will cover acts that occurred "within no more than 1-2 years[ ] and perhaps within several months or weeks" of the charged conduct. (DE 45 U.S.' Resp. at 3.) The close proximity of these events cuts in favor of admission.

As to the frequency of the other acts, it appears that Labona was involved with Minors A and D on one occasion and with Minors C and B on another separate occasion. (DE 33 at 2-4.) This fact, coupled with the prior conviction from Kansas, suggests a pattern of behavior and also favors admission.

There are no known "intervening circumstances" to speak of in this case.

The Court is convinced that the minors' testimony would be at least "practically necessary" to the prosecution's case. *LeMay*, 260 F.3d at 1029.  The United States believes it is likely that Labona will assert he did not *intend* to perform the criminal acts alleged. (DE 33 at 9.) It seeks to use the testimony to rebut this defense and show that Labona did in fact "knowingly" possess and distribute child pornography. (DE 33 at 9.) Thus, the testimony is practically necessary to the prosecution's burden of proving the Defendant's mens rea.

Labona notes that the testimony of minors on these matters will be "highly prejudicial" by its very nature. (DE 40 Mot. to Exclude at 6.) Evidence of other child molestation will always be inherently prejudicial to the defendant, yet Congress demonstrated a clear intent that such evidence be admitted when it adopted Rule 414. *Seymour*, 468 F.3d at 384-85. Thus, the fact that the minors' testimony will be "emotionally charged and inflammatory" is "not dispositive in and of itself." *LeMay*, 260 F.3d at 1030.

Finally, Labona argues that the age of the minors coupled with the lack of corroborative evidence makes the testimony vague and unreliable, and therefore prejudicial. (DE 40 Mot. to Exclude at 4-5.) Specifically, Labona questions the minors' ability to correctly identify the images he showed them on his cell phone as being child pornography rather than pornography involving adults or other non-pornographic images. (DE 40 Mot. to Exclude at 4-5.) Labona also asserts that the loss of his cell phone prevents a review of the actual pictures he showed to the minors, which he claims creates more uncertainty. (DE 40 Mot. to Exclude at 4-5.) The Court agrees with the Government that minors are sufficiently able to distinguish between other minors of similar age and adults so as to dispel any major concerns about prejudice here. (*See* DE 45 U.S.' Resp. at 6.) Plus,

6

the United States alleges that Minor A, for example, is expected to testify that Labona told her that a girl in one photograph was only four years old. (DE 33 at 3). Lastly, it would be unjust for Labona to order the destruction of his cell phone, and then succeed on a claim that evidence against him should be excluded because his cell phone is gone.

In sum, the testimony of Minors A–D is admissible under Rule 414 and should not be excluded under Rule 403.

### C. Kansas Conviction

Rule 414 likewise governs the admissibility of Labona's prior conviction in Kansas for Indecent Liberties with a Child. Under Rule 414, this conviction is admissible.

The only objection Labona makes to the admission of this prior conviction is the fact that it occurred in 1986. Labona argues that it was "so far out of time that it is not relevant to acts complained of 28 or 29 years later." (DE 40 Mot. to Exclude at 5.)

The lapse of time between the conviction and the charged conduct, while it is a significant period, does not alone warrant exclusion. The prior conviction is relevant to bolster the credibility of Minors A-D. Labona attacks the reliability of the minors' testimony, stating for instance, "Evidence of uncharged conduct of an inappropriate touching while giving a bath is subject to great and different interpretations and the vagueness of the details is concerning to the Defendant." (DE 40 Mot. to Exclude at 4.) Labona also states, "Thus, the Court must place whole reliance on the statements of young children…" (DE 40 Mot. to Exclude at 5.) Contrary to his assertion, Labona's prior conviction is relevant to refute the argument that Minors A–D are mistaken about what happened or otherwise unreliable. *See LeMay*, 260 F.3d at 1028-29. Therefore, Labona's prior conviction is admissible under Rule 414.

7

### III. Conclusion

For the reasons stated above, the testimony of Minors A, B, C, and D, as well as the prior conviction in Kansas state court, are admissible under Rule 414 as evidence of other child molestation. Accordingly, **IT IS ORDERED** that Defendant Kevin Labona's Motion to Exclude (DE 40) is **DENIED.**

Dated September 16, 2015.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY